**Donna J. STEVENS, Plaintiff–
Appellant,**

v.

**UNITED STATES POSTAL SERVICE,
et al., Defendants–Appellees.**

No. 00–4328.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Donna J. Stevens, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendants in this case filed under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., and Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting her administrative remedies, Stevens sued the United States Postal Service ("USPS"). Postmaster General William J. Henderson, Postmaster Roy Clark, Supervisor Joe Fourqurean, and USPS employees Christopher Oney, Rosalie Moon, Cheryl Deisler, and Gregory Bayes. She asked for monetary and injunctive relief. Stevens alleged that: (1) the USPS demoted her from her supervisory position for exercising her rights under the FMLA; and (2) Oney sexually harassed her. She also asserted state law claims. After a period of discovery, the defendants moved for summary judgment. The district court granted the motion, dismissed the FMLA and Title VII claims, and dismissed the state law claims without prejudice.

In her timely appeal, Stevens argues that: (1) her assignment as a supervisor was not temporary; (2) Clark did not reassign separate working schedules immediately; (3) the USPS held only one meeting on sexual harassment; (4) Oney was a supervisor; and (5) she had no relationship with Oney outside of work.

Initially, we note that Stevens does not argue that the district court erred by dismissing her state law claims. Accordingly, these claims are considered abandoned and not reviewable on appeal. *See Enertech*

*Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Upon review, we conclude that the district court properly granted summary judgment to the defendants both on Stevens's FMLA claim and her Title VII claim.

■ Stevens failed to present significant probative evidence to support a prima facie case of retaliation under the FMLA. *See Strickland v. Water Works & Sewer Bd. of Birmingham,* 239 F.3d 1199, 1207 (11th Cir.2001). Stevens initially held the position of part-time flexible distribution clerk at the USPS facility in Marion, Ohio. She applied to the Associate Supervisor Program ("ASP") but was not accepted. In February 1997, she was given a "204–b" assignment in Columbus, Ohio. According to Postmaster Clark, USPS employees and USPS personnel practices, 204–b assignments are temporary and cannot be made permanent. While on 204–b assignment, Stevens took FMLA time to have surgery. After her FMLA leave she returned to her clerk position in Marion. Although she may have viewed the Columbus assignment as a promotion, Stevens failed to counter the defendants' proof that she was not promoted in any sense recognized by the USPS's personnel system. Thus, Stevens was unable to show that she suffered an adverse employment decision when she was returned to her position at Marion. Without an adverse employment decision, Stevens has no FMLA retaliation claim. *See id.*

■ Stevens also failed to establish a Title VII claim. First, we agree with the district court that this case involves what is best described as co-worker harassment. Although Oney had informal supervisory duties, he did not have the formal title of supervisor nor did he have the power to

hire or fire Stevens. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 803, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Second, Stevens failed to show that Oney's alleged harassment created a hostile work environment. Accepting Stevens's accusations as true, Oney made unwelcome advances to her. However, these isolated incidents were not enough to alter the conditions of Stevens's employment. *See id.* at 788, 118 S.Ct. 2275; *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Finally, the USPS did not have reason to know of Oney's behavior before Stevens reported it, and took prompt and appropriate action once she did. *See Fenton v. HiSAN, Inc.,* 174 F.3d 827, 829–30 (6th Cir.1999).

■ Stevens's argument that Clark did not assign separate working schedules immediately is without merit. She complains that it took Clark three days to change her schedule, and that she was forced to work with Oney in the interim. Under the circumstances, a three-day delay does not constitute an unreasonable failure to take prompt corrective action. *See id.*

■ Finally, Stevens's argument that she had no relationship with Oney outside of work is inapposite. Her Title VII claim failed because she did not present proof that Oney's alleged harassment created a hostile work environment or that the USPS failed unreasonably to take corrective action. These conclusions do not depend on the relationship between Stevens and Oney.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.